IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:19cr792 |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1347 |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| FREDRICK C. PALMER | ) | INFORMATION |

## COUNT 1

THE U.S. ATTORNEY CHARGES:

1. That beginning in or about February 1999 and continuing through in or about August 2019, in the District of South Carolina and elsewhere, the Defendant, FREDRICK C. PALMER, and others both known and unknown to the U.S. Attorney, knowingly and willfully did combine, conspire, confederate, agree and have a tacit understanding with each other, to knowingly steal Government funds, in violation of Title 18, United States Code, Section 371.

### Manner and Means

2. It was part of the conspiracy that FREDRICK C. PALMER filed for and received disability benefits from the Department of Veterans Affairs, an agency of the United States.

3. It was further part of the conspiracy that FREDRICK C. PALMER pretended that he suffered from the loss of use of his lower extremities, incontinence, and other ailments.

4. If was further part of the conspiracy that FREDRICK C. PALMER paid friends and family members to pretend to be private health care providers and to push him around in a wheelchair when he attended medical appointments and evaluations at the VA hospital.

5. During the course of the conspiracy, FREDRICK C. PALMER received in excess

of $1 million in benefits to which he was not entitled.

## Overt Acts

6. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the District of South Carolina:

    a. On or about March 6, 2019, FREDRICK C. PALMER arranged for AC to act as a caregiver for him and to accompany him to a medical appointment.

    b. On or about November 11, 1999, FREDRICK C. PALMER demanded that the VA compensate him because he needed "aid and attendance."

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

THE U.S. ATTORNEY FURTHER CHARGES:

7. That beginning in or about February 1999 and continuing through in or about August 2019, in the District of South Carolina, the Defendant, FREDRICK C. PALMER, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services. Specifically, the Defendant misrepresented his physical condition to the Department of Veterans Affairs in order to receive health care benefits to which he was not entitled.

All in violation of Title 18, United States Code, Section 1347.

# FORFEITURE

A.  CONSPIRACY/HEALTH CARE FRAUD:

Upon conviction for violations of Title 18, United States Code, Sections 371 and 1347 as charges in this Information, the Defendant, FREDRICK C. PALMER, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses.

B.  PROPERTY:

Pursuant to Title 18, United States Code, Sections 98(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of Defendant for offenses charged in this Information includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendant obtained as a result of the offenses charged in the Information, that is, a minimum of $1,043,150.59 and all interest and proceeds traceable thereto as a result for his violation of 18 U.S.C. §§ 371 and 1347.

C.  SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

SHERRI A. LYDON (WJW/jl)
UNITED STATES ATTORNEY